UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DERRICK CLAYTON,

                Petitioner,                       Civil Action No. 08-CV-12986

v.                                       HON. BERNARD A. FRIEDMAN

BLAINE LAFLER,

                Respondent.
                        /


**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF
HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY
AND (3) DENYING PETITIONER'S MOTIONS**


This matter is before the court on petitioner Derrick Clayton's *pro se* habeas corpus petition. Petitioner, a state inmate incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges his conviction for voluntary manslaughter on the grounds that the arrest warrant was invalid and that he received ineffective assistance of counsel. Because the court concludes that neither claim warrants habeas relief, the petition is denied.

Petitioner's conviction arises from the stabbing death of Antoine Hayes on May 8, 2006, in the City of Detroit. Nicole Harris testified that, on the morning of May 8, 2006, she heard petitioner talking to one of her neighbors, Tordario Wright, about Antoine Hayes. Petitioner told Wright that Hayes had been telling police about illegal activity in the neighborhood. Later, she saw Hayes park his car on a street near her house. She heard Hayes confront petitioner and ask him if he had been "snitching" to police. The two began arguing. Petitioner backed away from Hayes, but Hayes repeatedly asked him if he had been snitching. Petitioner then pulled a knife from his pocket

and unfolded it. Petitioner grabbed Hayes by his shirt collar and began stabbing him. Harris estimated that Petitioner stabbed Hayes three times. She did not see any weapons in Hayes' possession. After stabbing Hayes, petitioner walked away from the area.

Assistant Wayne County Medical Examiner Boguslaw Pietak testified that he performed an autopsy on Antoine Hayes. His examination revealed two stab wounds, one to the left chest and one to the left back. The wound to the left chest pierced the left ventricle of the heart. Dr. Pietak identified the cause of death as multiple stab wounds.

Petitioner testified in his own defense. He testified that, two days prior to the stabbing, he and Hayes had argued. Petitioner called Hayes a snitch; in response, Hayes threatened petitioner. On the day of the stabbing, he and Hayes talked amicably for a time, then Hayes became angry and seized petitioner by the shirt preventing petitioner from leaving. Petitioner testified that Hayes continued to verbally confront him and to prevent him from leaving the scene. Petitioner knew that Hayes occasionally carried a gun in his vehicle. Hayes knew that petitioner carried a knife in his pocket. Petitioner testified that Hayes began feeling petitioner's pockets looking for the knife. When Hayes touched the knife, petitioner grabbed it to prevent Hayes from doing so. Petitioner opened the knife and Hayes retreated a step. Hayes then charged at petitioner, grabbing his knife. Petitioner testified that Hayes was then accidentally stabbed in the chest. The second stab wound, according to petitioner's testimony, was also accidental.

Following a jury trial in Wayne County Circuit Court, petitioner was convicted of voluntary manslaughter. On August 28, 2006, petitioner was sentenced to 12 to 45 years' imprisonment. Petitioner filed an appeal of right in the Michigan Court of Appeals, raising the following claims:

I. Verdict of guilty based upon insufficient evidence constituted a denial of due process.

II. Sentence imposed violated constitutional guarantees against cruel and/or unusual punishment.

Petitioner presented the following additional claims in a *pro per* supplemental brief:

III. District and circuit courts deprived defendant-appellant of constitutional right to due process, due to an invalid arrest warrant, U.S. Constitution guarantees that "no warrant shall issue, but upon probable cause, supported by oath or affirmation."

IV. Defendant-appellant was deprived of his constitutional right to effective assistance of counsel.

The Michigan Court of Appeals affirmed petitioner's convictions. *See People v. Clayton*, No. 273056, 2007 WL 4404442 (Mich. Ct. App. Dec. 18, 2007). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims raised in the Michigan Court of Appeals. The Michigan Supreme Court denied leave to appeal. *See People v. Clayton*, 480 Mich. 1138 (2008).

Petitioner then filed a petition for writ of habeas corpus in this Court. He raises the following claims:

I. District and circuit court deprived petitioner of constitutional right to due process, due to an invalid arrest warrant. U.S. Constitution guarantees that "no warrant shall issue, but upon probable cause, supported by oath or affirmation."

II. Petitioner was deprived of his constitutional right to the effective assistance of counsel.

Petitioner has filed several motions. First, petitioner has filed a motion requesting leave to amend his habeas petition for writ of habeas corpus. In the motion, petitioner asks for permission to file a motion to compel discovery. Petitioner need not seek leave of court to file such

3

a motion. Therefore, this motion is denied as moot. Petitioner's "renewed motion requesting leave to amend his petition for writ of habeas corpus," seeking permission to file a motion to expand the record and a motion for evidentiary hearing, is also unnecessary and is denied as moot as well.

Second, petitioner has filed a motion to compel discovery. Rule 6(a), Rules Governing Section 2254 Cases, provides, in pertinent part:

> A party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise.

"The burden of demonstrating the materiality of information requested is on the moving party." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

Petitioner seeks the production of five sets of documents: (I) documents used to support the arrest warrant; (ii) the Standard 4 brief submitted in the Michigan Court of Appeals; (iii) the prosecutor's rebuttal to the Standard 4 brief submitted in the Michigan Court of Appeals; (iv) the Standard 4 brief submitted by petitioner in the Michigan Supreme Court; and (v) the prosecutor's rebuttal filed in the Michigan Supreme Court. As part of the Rule 5 materials, respondent submitted all of the foregoing documents, except the warrant-related documents. While petitioner challenges the validity of the arrest warrant, where a petitioner has been provided a full and fair opportunity to litigate a Fourth Amendment claim in state court, such a claim is not cognizable on habeas corpus review. The court determines that production of the warrant-related documents is not necessary for a fair disposition of the habeas corpus petition. Therefore, the motion is denied.

Third, petitioner has filed a motion to expand the record. Petitioner seeks to expand the record to include the documents produced in response to his motion to compel discovery. As the court is denying petitioner's motion to compel discovery, his motion to expand the record is

4

moot and is denied as well.

Fourth, petitioner filed a motion for an evidentiary hearing as to ineffectiveness of trial counsel and as to the relevant documents obtained through discovery. Rule 8, Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part:

> [A]fter the answer and the transcript and record of state court proceedings are filed, [the Court] shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the petition as justice shall require.

Having considered the answer and state court record, the court concludes that an evidentiary hearing is not necessary for the just resolution of petitioner's claims. Therefore, this motion is denied.

Finally, petitioner has filed a motion for summary judgment. As discussed below, the court has determined that habeas relief is not warranted. Therefore, petitioner's motion for summary judgment is denied.

Section 2254(d), Title 28 U.S.C., imposes the following standard of review that a federal court must utilize when reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

Federal courts are bound by a state court's adjudication of a petitioner's claims unless the state

court's decision was contrary to or involved an unreasonable application of clearly established federal law. *See Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous.").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). With respect to the "unreasonable application" clause of § 2254(d)(1), the *Williams* Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 413. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may

6

> not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 409-11.

In his first habeas claim, petitioner challenges the validity of the arrest warrant and complaint. He argues that the issuing magistrate was not provided with the "oath or affirmation" required for issuance of a warrant and that a complaint was never filed in the district court.

The Supreme Court has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). The Sixth Circuit utilizes a two-step analysis to determine whether a defendant was given a full and fair opportunity to litigate a Fourth Amendment claim in state court:

> First, the court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.

*Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

In his direct appeal to the Michigan Court of Appeals, petitioner presented his Fourth Amendment claim. The Michigan Court of Appeals addressed the claim and found no Fourth Amendment violation. *See Clayton*, *supra*, 2007 WL 4404442, at *2. Petitioner filed an application for leave to appeal in the Michigan Supreme Court, again presenting his Fourth Amendment claim. The Michigan Supreme Court denied leave to appeal. See *People v. Clayton*, 480 Mich. 1138 (Mich. 2005).

This court concludes that petitioner was provided an opportunity for full and fair litigation of his Fourth Amendment claim in the Michigan courts. Petitioner's disagreement with the state courts' conclusions regarding his Fourth Amendment claim does not render the procedural mechanism for presenting his claims inadequate. *See Thornhill v. Piazza*, 2009 WL 1406699, at *2 (W.D. Pa. May 19, 2009) ("Whether or not a state court incorrectly decided a petitioner's Fourth Amendment claim is immaterial to the full and fair opportunity analysis."). Consequently, petitioner's Fourth Amendment claim is not cognizable on habeas review.

Petitioner next argues that his attorney was ineffective in failing to raise his Fourth Amendment claim in the trial court. Specifically, petitioner maintains that his attorney should have argued that the warrant is phrased in conclusory language in violation of Michigan's Rules of Criminal Procedure, the warrant was not based on probable cause, and the warrant was not supported by an oath or affirmation.

The rule from *Stone v. Powell* does not bar federal habeas review of a Sixth Amendment claim challenging defense counsel's failure to move for the suppression of evidence that should have been excluded under the Fourth Amendment. *See Kimmelman v. Morrison*, 477 U.S. 365, 382-83 (1986).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-part test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must show that counsel's performance was deficient. This "requires a showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Second, a petitioner must show that he was prejudiced by his counsel's deficient performance. A petitioner may establish prejudice by

"showing that counsel's errors were so serious as to deprive the defendant of a fair trial." *Id.*

The *Strickland* Court emphasized that, when considering an ineffective assistance of counsel claim, the reviewing court should afford counsel a great deal of deference:

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

*Id.* at 689 (internal citations omitted). The Court further explained that, to establish deficient performance, a petitioner must identify acts that were "outside the wide range of professionally competent assistance." *Id.* To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. The Sixth Circuit, applying the *Strickland* standard, has held that a reviewing court therefore must focus on whether counsel's alleged errors "have undermined the reliability of and confidence in the result." *McQueen v. Scroggy*, 99 F.3d 1302, 1311 (6th Cir. 1996). Where a Sixth Amendment violation is claimed in the context of counsel's failure to present a Fourth Amendment claim, the petitioner must show that the Fourth Amendment claim is meritorious. *See Kimmelman*, 477 U.S. at 382.

9

On direct appeal, the Michigan Court of Appeals considered whether trial counsel was ineffective in failing to raise the Fourth Amendment claims identified by petitioner. The state court concluded that probable cause supported the complaint and issuance of the warrant, and that the complaint, contrary to petitioner's argument, existed and was properly sworn to by the complaining witness. *See Clayton*, 2007 WL 4404442, at *2. The state court further held that the complaint and felony information were authorized by the prosecutor. *See id.* The state court concluded that, because neither the complaint nor the warrant were flawed, petitioner's attorney was not ineffective in failing to challenge them. *See id.* Because the state court determined that the challenges petitioner suggests his attorney should have raised were meritless, petitioner cannot show that he was prejudiced by his attorney's failure to make these challenges. Therefore, he has failed to show that counsel was ineffective in this regard.

A district court may decide whether to issue a certificate of appealability ("COA") at the time the court rules on a petition for a writ of habeas corpus or it may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States,* 310 F.3d 900, 903 (6th Cir. 2002). In deciding to deny the habeas petition, the court has studied the case record and the relevant law, and concludes that it is presently in the best position to decide whether to issue a COA. *See Id.* at 90.

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must "show . . . that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case,

10

the court concludes that reasonable jurists would not debate the court's conclusion that the petition does not present any claims upon which habeas relief may be granted.  Therefore, the court declines to issue a certificate of appealability.                     For the reasons stated above,

IT IS ORDERED that the petition in this matter for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that the following motions are denied: petitioner's "Motion Requesting Leave to Amend His Petition for Writ of Habeas Corpus" [docket entry 8]; petitioner's "Motion to Compel Discovery" [docket entry 9]; petitioner's "Renewed Motion Requesting Leave to Amend" [docket entry 10]; petitioner's "Motion to Expand the Record Pursuant to Rule 7, Governing § 2254 Cases" [docket entry 11]; petitioner's "Motion for an Evidentiary

Hearing" [docket entry 12]; and petitioner's "Motion for Summary Judgment Pursuant to Fed. R.

Civ. P. 56(a)(1)" [docket entry 14].


_s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated:     September 17, 2009




I hereby certify that a copy of the foregoing document
was served upon counsel of record by electronic and/or first-class mail.

S/Carol Mullins
Case Manager

12