UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK CLAYTON,

    Petitioner,                                                         Civil Action No. 08-CV-12986

v.                                                                   HON. BERNARD A. FRIEDMAN

BLAINE LAFLER,

    Respondent.

_____/

## ORDER TRANSFERRING MOTION FOR RELIEF FROM JUDGMENT
## TO THE COURT OF APPEALS AS A SUCCESSIVE HABEAS PETITION

This matter is presently before the court on petitioner's *pro se* motion for relief from judgment. Petitioner previously filed a habeas petition challenging his conviction and sentence for voluntary manslaughter on the grounds that the arrest warrant was invalid and that he received ineffective assistance of counsel. Because the court concluded that neither of these claims warranted habeas relief, the court denied the petition.

Petitioner contends in the pending motion that the court erred in denying his claims. Petitioner filed his motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b). Rule 60(b) motions are subject to the restrictions that apply to "second or successive" habeas corpus petitions if the movant asserts a claim of error in his state conviction. *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005). "A motion can . . . be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532 (emphasis in original, footnote omitted). "When no 'claim' is presented, there is no basis for contending that the Rule 60(b) motion

should be treated like a habeas corpus application." *Id.* at 533.

Petitioner seeks to advance claims that this court previously considered and dismissed on the grounds that they were meritless. Therefore, he is making a habeas corpus claim. *See id.* at 532 n.4; *Post v. Bradshaw*, 422 F.3d 419, 424 (6th Cir. 2005). Petitioner may not proceed with these claims unless he has obtained permission from the court of appeals to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A). Accordingly,

IT IS ORDERED that the Clerk of the Court shall transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir.1997).

|  |  |
|---|---|
| | S/Bernard A. Friedman |
| Dated: November 18, 2010 | HON. BERNARD A. FRIEDMAN |
| Detroit, Michigan | SENIOR UNITED STATES DISTRICT JUDGE |